John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Alejandro Marin (SBN 329185)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile: 310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*alejandro@kristensenlaw.com*
***Attorneys for Plaintiff***

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHNNY YOUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RETAIL TRANSPORTATION, INC., a Pennsylvania Corporation; FRANCIS J WALSH III, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) Failure to Pay Overtime Wages, 29 U.S.C. § 207**<br>**(2) Employment Discrimination Because of Race (Cal. *Gov. Code* §§ 12900, *et seq.*);**<br>**(3) Wrongful Termination - Race Discrimination (Cal. *Gov. Code* §§ 12940, *et seq.*);**<br>**(4) Failure to Take Reasonable Steps to Prevent Harassment and Discrimination (Cal. *Gov. Code* §§ 12900, *et seq.*);**<br>**(5) Failure to Pay Overtime Wages in Violation of Cal. *Lab. Code* §§ 510, 1194, & 1197;**<br>**(6) Waiting Time Penalties, Cal. *Lab. Code* §§ 201-203;**<br>**(7) Failure to Provide Meal and Rest Periods in Violation of Cal. *Lab. Code* §§ 226.7, 512;**<br>**(8) Unfair Competition in Violation of Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHNNY YOUNG files this Complaint and Jury Demand against Defendants NATIONAL RETAIL TRANSPORTATION, INC., FRANCIS J WALSH III, an individual, and DOES 1-10, (collectively, "Defendants") on personal knowledge as to all facts regarding himself and on information and belief as to all other matters, as follows:

## I.   NATURE OF THE ACTION

1.   Plaintiff JOHNNY YOUNG ("Plaintiff") alleges causes of action against defendants NATIONAL RETAIL TRANSPORTATION, INC. ("Defendant" or "NRT"), FRANCIS J WALSH III ("Defendant" or "Walsh"), an individual, and DOES 1 through 10, inclusive (collectively, "Defendants") for damages.

2.   Defendants required and/or permitted Plaintiff to work in Riverside County, California, in excess of forty (40) hours per week, but refused to compensate him at the applicable minimum wage and overtime rates under both federal and California law. Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

3.   Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a). As a result of Defendants' violation of the FLSA, Plaintiff seeks all unpaid minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216.

4.   Defendants failed to pay Plaintiff overtime wages for all hours worked in violation of 29 U.S.C. § 207 of the FLSA.

5.   Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

///

///

6.     As a result of Defendants' violations, Plaintiff seeks to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

7.     In addition, Defendants discriminated against Plaintiff because of his race and forced him to perform tasks that others in his same position did not do.

## II.    PARTIES

8.     Plaintiff is, and at all relevant times was, a resident of the County of Riverside, California. Plaintiff was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). His consent to this action is attached hereto as Exhibit 1.

9.     NRT is a Pennsylvania Corporation with a place of business located at 400 Harley Knox Boulevard, Perris, California 92571. Its agent for service of process is National Registered Agents, Inc. located at 2820 16th Street, North Bergen, New Jersey 07047. NRT is an "employer" or "joint employer" under the FLSA.

10.     Walsh was/is the Chief Executive Officer who executed the policies regarding payment to workers and management of workers, including Plaintiff.

11.     Walsh acted directly or indirectly on behalf of NRT, and, at all times mentioned herein was an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA. He exerted operational and management control over NRT, including day to day management. He also controlled the nature, pay structure, and employment relationship of Plaintiff. Walsh had at all times relevant to this lawsuit, the authority to hire and fire employees at NRT, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. In particular, he was responsible for determining whether NRT complied with the FLSA.

///

12.    DOE MANAGERS 1-10 are the managers/owners who control the policies and enforce the policies related to employment with Defendants.

13.    Defendants' entire business model was based on taking advantage of Plaintiff by exploiting him and similar employees.

14.    The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 1 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

15.    Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

16.    Plaintiff is informed and believes, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over him tips and the establishment's forced tip pooling procedures.

///

17.     Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

18.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

### III.    COVERAGE

19.     At all material times, Defendants have been employers or "joint employers" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

20.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1) and 29 C.F.R. § 1620.7 . That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

21.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(r)(1) of the FLSA because they have had employees engaged in commerce and sell liquor at their club which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

22.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

///

///

///

23.    At all material times during the three years prior to the filing of this action, Defendants failed to pay adequate wages pursuant to the FLSA. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

24.    At all times relevant to this action, Plaintiff (and all those similarly situated) was subject to corporate-wide, uniform written rules, guidelines, and policies which were established by Defendants and their agents. The rules, guidelines, and policies governed employees' conduct at all of the Defendants' locations.

25.    Defendants exercised a great degree of operational control and management over employees particularly in terms of the conditions of employment applicable to employees.

26.    Further, the individual defendants had, at all times relevant to this lawsuit, the authority to hire and fire employees at Defendants' locations, the authority to direct and supervise the work of employees, the authority to sign on the businesses' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, they were responsible for the day-to-day affairs of Defendants' locations in regards to compliance with the FLSA.

27.    As such, pursuant to 29 U.S.C. § 203(d), the individual defendants acted directly or indirectly in the interest of Plaintiff's employment as his employer, which makes them each individually liable under the FLSA.

## IV.    <u>VENUE AND JURISDICTION</u>

28.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. § 201, *et seq*. Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

///

29.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' place of business is located in this District and Plaintiff worked in this District.

## V.     ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.     FACTUAL ALLEGATIONS

30.     Defendants operate a transportation company in Riverside County, California.

31.     Plaintiff is African American.

32.     Plaintiff was employed as a shift supervisor for Defendants in Riverside County, California.

33.     Plaintiff worked on a regular basis for Defendants' establishment located in Riverside County, California.

34.     Defendants forced Plaintiff to work in excess of 40 hours per week and failed to pay overtime wages to Plaintiff. Defendants also failed to note all hours worked.

35.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the employees.

36.     In addition, Defendants instructed the employees about when, where, and how they were to perform their work.

37.     Plaintiff worked over forty (40) hours in some weeks he worked for Defendants.

38.     Although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, he was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek because he was misclassified as exempt.

///

39.    The FLSA "economic realities" test has existed for decades, as have the FLSA requirements of paying minimum wage and overtime to employees.

40.    Defendants' failure to comply with the FLSA in all respects, is, and was, willful.

41.    Defendants knew, or showed reckless disregard for the fact that they failed to pay Plaintiff and all other similarly situated the overtime wage at the required rate under the FLSA.

42.    Plaintiff was not covered by any minimum or overtime wage exemption contained in the FLSA.

43.    Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

44.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.    The time of day and day of week on which the employees' work week begins;

    b.    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.    The hours worked each workday and total hours worked each workweek;

    f.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.    The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.    The dates, amounts, and nature of the items which make up the total additions and deductions;

j.    The total wages paid each pay period; and

k.    The date of payment and the pay period covered by payment. 29 C.F.R. 516.2, 516.5.

45.    Defendants have not complied with federal Law and have failed to maintain such records with respect to the Plaintiff. Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet his burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendants on notice that he intends to rely on *Mt. Clemens Pottery Co.* to provide the extent of his unpaid work.

46.    Plaintiff missed one day of work during his eight (8) month employment with Defendants.

47.    Defendants replaced Plaintiff following his termination.

48.    Plaintiff's final check did not include compensation for his final week of work.

49.    Defendants did not provide Plaintiff with opportunities and training provided to Caucasian employees of the exact same position.

50.    Defendants did not allow Plaintiff to work weekends for extra pay even though Defendants needed weekend workers.

51.     Defendants consistently granted other non-African American supervisors opportunities to work overtime on the weekends.

52.     Defendants refused to provide Plaintiff with keys even though Defendants provided keys to other non-African American supervisors.

53.     Plaintiff's supervisor used racial epithets in Plaintiff's presence.

54.     Defendants did not allow Plaintiff to take any regular or scheduled breaks during shifts.

55.     Plaintiff has duly exhausted all FEHA administrative remedies by filing a complaint with the Department of Fair Employment and Housing and obtaining a Right to Sue Letter.

## B.    INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT

56.     In *Boucher v. Shaw*, the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Boucher v. Shaw* (9th Cir. 2009) 572 F.3d 1087, 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

57.     Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley* (9th Cir. 1999) 180 F.3d 997. The Ninth Circuit highlighted factors related to "economic control," which included ownership interest; operational control of significant aspects of the day-to-day functions; the power to hire and fire employees; determine salaries; and the responsibility to maintain employment records.

///

58.     Walsh is individually liable for failing to pay Plaintiff his wages. The actual identities of DOE Managers 1-10 are unknown at this time.

## VI.   COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

60.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants at any time during the three (3) years prior to the commencement of this action to present.

61.     Plaintiff has actual knowledge that FLSA Collective Members have also been denied overtime pay for hours worked over forty (40) hours per workweek. As such, he has first-hand personal knowledge of the same pay violations throughout Defendants' business. Furthermore, other employees at Defendants' business have shared with him similar pay violation experiences as those described in this Complaint.

62.     Other employees similarly situated to the Plaintiff work or have worked at Defendants' business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

63.     Although Defendants permitted and/or required the FLSA Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) hours.

64.     FLSA Collective Members perform or have performed the same or similar work as the Plaintiff.

65.     FLSA Collective Members regularly work or have worked in excess of forty (40) hours during a workweek.

66.     The FLSA Collective Members were all subject to the same terms and conditions of employment, and the same degree of control, direction, supervision

imposed by Defendants.

67.    FLSA Collective Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

68.    As such, FLSA Collective Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as exempt employees and/or the denial of overtime wages.

69.    Defendants' failure to pay overtime compensation equired by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

70.    The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Collective Members.

71.    The specific job titles or precise job responsibilities of each FLSA Collective Members do not prevent collective treatment.

72.    All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) hours during a workweek.

73.    Although the exact number of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Collective Members.

74.    Named Plaintiff is "similarly situated" to the collective of persons he seeks to represent, and will adequately represent the interests of the collective.

75.    Plaintiff has hired counsel experienced in labor and employment cases and collective actions under 29 U.S.C. 216(b) who will adequately represent the collective.

///

76.     As such, Plaintiff brings his FLSA claims as a collective action on behalf of the following class:

**All of Defendants' current and former employees who worked at Defendants' business in Riverside County at any time starting three years before this Complaint was filed.**

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207**

**(AGAINST ALL DEFENDANTS)**

77.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

78.     Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

79.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

80.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

81.     Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which he worked in violation of 29 U.S.C. § 207.

82.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

83.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime

wage required under the FLSA.

84.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its compensation policies were unlawful.

85.     Due to Defendants' FLSA violations, Plaintiff and the FLSA Class Members are entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BECAUSE OF RACE PURSUANT TO CAL. *GOV. CODE* §§ 12900, *ET SEQ.*

### (AGAINST ALL DEFENDANTS)

86.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

87.     Defendants, and each of them, discriminated against Plaintiff by treating him differently, denigrating him, and not affording him equal opportunities and training because of race. Defendants' actions were in violation of FEHA, Cal. *Gov. Code* §§ 12900, *et seq*.

88.     At all times Plaintiff was an employee within the meaning of Cal. *Gov. Code* §§ 12926 and at all times during his employment she performed in a competent, satisfactory manner.

89.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

90.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

91.     As a further direct and proximate result of Defendants' discriminatory conduct and actions against him in violation of Cal. *Gov. Code* §§ 12900, *et seq.* as heretofore described, Plaintiff has been damaged and deprived of the security, solace and peace of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to him general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

92.     Plaintiff further requests that attorneys' fees be awarded to him pursuant to Cal. *Gov. Code* §12965.

93.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him.  Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

///
///
///
///
///

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION – RACE DISCRIMINATION

### PURSUANT TO CAL. *GOV. CODE* §§ 12940, *ET SEQ.*

### (AGAINST ALL DEFENDANTS)

94.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

95.    At all relevant times, Plaintiff was a non-exempt employee of Defendants and entitled to the full protections of the California Labor Code.

96.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of Cal. *Gov. Code* §§ 12926(b), *et seq*., because he is African American, as previously plead herein.

97.    At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff, as previously pled, on the basis of his race.

98.    Defendants were substantially motivated, in part, to terminate Plaintiff because of his race. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses in earnings and other benefits. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

99.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was physically and psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction.

100.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or

managing agents. Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants and DOES acted with malice and oppression, as their tortious acts were carried out with full knowledge of the extreme risk of injury involved, and with willful conscious disregard for Plaintiff's rights. Accordingly, an award of punitive damages is warranted.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT HARASSMENT AND DISCRIMINATION PURSUANT TO *CAL. LAB.* CODE, §§ 12900, ET SEQ.

### (AGAINST ALL DEFENDANTS)

101.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

102.   Defendants failed to take reasonable steps to prevent the above referenced harassment and discrimination in violation of Cal. *Gov. Code* §§ 12900, *et seq*.

103.   Defendants failed to take any steps to prevent the discrimination. Instead, Defendants maintained a racist environment by overtly affording opportunities to non-African Americans that Defendants refused to offer to Plaintiff. These policies reflect Defendants' conscious choice to perpetuate racism rather than to prevent it.

104.   As a result of Defendants' failure to take reasonable steps to prevent the harassment and discrimination, Plaintiff has suffered substantial economic losses in wages and benefits in an amount to be determined at trial.

105.   As a result of Defendants harassment and discrimination and the failure to prevent and/or take reasonable steps to prevent harassment and discrimination, Plaintiff suffered compensatory damages, consisting of mental anguish, humiliation, alienation, emotional distress and embarrassment in a sum according to proof at the time of trial.

106.   Pursuant to Cal. *Gov. Code* § 12965, Plaintiff requests the award of attorneys' fees against Defendants under this cause of action.

107.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression and malice, and with a conscious disregard for their right to be free of retaliation, and with the intent, design and purpose of injuring him.  Plaintiff is further informed and believes that Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

### FIFTH CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO**

**CAL. *LAB. CODE* §§ 510, 1194, & 1197**

**(AGAINST ALL DEFENDANTS)**

108.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

109.   At all relevant times, Plaintiff has been a non-exempt employee of Defendants and is entitled to the full protections of the California *Labor Code* and of the applicable IWC Wage Order(s).

110.   Cal. *Lab. Code* § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

111.   Section 2(H) of IWC Wage Order 9 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

///

112.    Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Order, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half (1 ½) times their regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and for the first eight (8) hours worked on a seventh consecutive workday.

113.    Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Order, also require employers to pay overtime wages to their non-exempt employees at no less than two (2) times their regular rates of pay for all hours worked in excess of twelve (12) hours in one workday, and for all hours worked in excess of eight (8) hours on a seventh consecutive workday.

114.    At relevant times during their employment, Defendants failed to pay Plaintiff overtime wages for overtime hours worked.

115.    Pursuant to Cal. *Lab. Code* § 1194, Plaintiff seeks recovery of all unpaid overtime wages, interest thereon, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES PURSUANT TO *CAL. LAB*. CODE, §§ 201-203

### (AGAINST ALL DEFENDANTS)

116.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

117.    At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Cal. *Lab. Code* §§ 201–203.

118.    Defendants failed to pay Plaintiff his wages for his last week of work pursuant to Cal. *Lab. Code* §§ 201–203, and accordingly owe waiting time penalties under Cal. *Lab. Code* § 203.

119.    The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff.

120.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' willful failure to pay wages due and owed to him upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Cal. *Lab. Code* § 203.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS PURSUANT TO CAL. *LAB. CODE* §§ 226.7, 512

### (AGAINST ALL DEFENDANTS)

121.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

122.    Cal. *Lab. Code* §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five hours without a meal period of not less than thirty (30) minutes.

123.    Cal. *Lab. Code* § 226.7 provides that if an employer fails to provide an employee with a meal period in accordance with this section, the employer shall pay the employee 1 hour of pay at the employee's regular rate of compensation for each 5 hours of work that the meal period is not provided.

124.    NRT intentionally and improperly denied meal periods to Plaintiff in violation of Cal. *Lab. Code* §§ 226.7 and 512.

125.    At all times relevant hereto, Plaintiff has worked more than 5 hours in a workday. At all times relevant hereto, NRT failed to provide meal periods as required by Cal. *Lab. Code* §§ 226.7 and 512.

126.    Cal. *Lab. Code* § 226.7 provides that if an employer fails to provide an employee rest periods, the employer shall pay the employee one (1) hour of pay at the

employee's regular rate of compensation for each workday that the rest period is not provided.

127. NRT intentionally and improperly denied rest periods to Plaintiff.

128. At all times relevant hereto, Plaintiff has worked more than four (4) hours, or major fraction thereof, in a workday. At all times relevant hereto, NRT failed to provide premium pay as required by Cal. *Lab. Code* § 512.

129. Because of NRT's unlawful failure to provide rest periods, and failure to provide required premium compensation as a result thereof, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

130. Plaintiff is informed and believes, and thereon alleges, that NRT knew or should have known that Plaintiff was entitled to rest periods but purposely elected not to provide these periods, and failed to compensate Plaintiff with premium payments when rest periods were not so provided.

131. Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. *Lab. Code* §§ 226.7 and 512.

## EIGTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

### (AGAINST ALL DEFENDANTS)

132. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

133. Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

134. Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of money

or property acquired from him or her by means of unfair competition.

135.    The FLSA requires employers to compensate employees at a rate of one-and-one-half their normal rate of pay for each hour worked in excess of forty (40) during a given week.

136.    Defendants did not compensate Plaintiff with FLSA-mandated overtime pay for each hour worked in excess of forty (40).

137.    As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost monies and property by means of unfair competition.

138.    In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff overtime wages for hours that he worked.

139.    Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seeks an order of restitution for all monies and property that Defendants have acquired from him by means of unfair competition.

140.    Plaintiff is seeking overtime wages and other restitutionary relief under this equitable cause of action for his employment with Defendants prior to filing this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.    Certifying the collective as requested herein;

2.    Providing such further relief as may be just and proper.

3.    Plaintiff prays for further judgment as follows;

4.    Award Plaintiff a judgment for overtime wages, including the recovery of all payments reducing wages below the overtime wage, as well as liquidated damages in an equal amount, interest and attorneys' fees as provided for under the FLSA;

5.    Award Plaintiff the costs of this action, including expert fees;

6.    Award Plaintiff interest;

7.    Award Plaintiff attorneys' fees; and

8.     For equitable and injunctive relief, including public injunctive relief; and

9.     Award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: November 11, 2020                              **KRISTENSEN LLP**

                                                      */s/ John P. Kristensen*
                                                      John P. Kristensen
                                                      Jesenia A. Martinez
                                                      Alejandro Marin
                                                      ***Attorneys for Plaintiff***

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: November 11, 2020                          **KRISTENSEN LLP**

                                                  */s/ John P. Kristensen*
                                                  John P. Kristensen
                                                  Jesenia A. Martinez
                                                  Alejandro Marin
                                                  ***Attorneys for Plaintiff***

# EXHIBIT 1



John P. Kristensen
Jesenia A. Martinez
Jacob J. Ventura

## CONSENT FORM FOR WAGE CLAIM

Printed Name: **Johnny Young**

1.     I consent and agree to be represented by Kristensen LLP to pursue my claims of misclassification and/or unpaid overtime a through the lawsuit filed against my employer, National Retail Transportation, Inc. and any other related entities or persons under the Fair Labor Standards Act and/or applicable state laws.

2.      I intend to pursue my claim individually and/or as a collective action. If pursued as a collective action, I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3.     If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _____ (Date Signed) _____

DocuSigned by:

0D7883D8308E491

Johnny Young

8/11/2020